IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. VUKICH, KW-7692,<br>    Petitioner, | )<br>)<br>) |
| v. | )    2:15-cv-1480<br>) |
| COM. OF PENNSYLVANIA, et al.,<br>    Respondents. | )<br>)<br>) |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of William E. Vukich for a writ of habeas corpus be dismissed as time barred and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

William E. Vukich an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus. The background to his incarceration is set forth in the November 4, 2015 Memorandum of the Superior Court which is appended to the petition:

> In 2008, Vukich entered a guilty plea to theft and burglary offenses [in the Court of Common Pleas of Beaver County, Pennsylvania]. Vukich received an aggregate sentence of two to four years' imprisonment, and seven years' probation. In 2013, Vukich violated his probation, and was re-sentenced to one to three years imprisonment. The PCRA court summarized the relevant procedural history of this case as follows:
>
>> On November 7, 2014, Vukich filed *pro se* Petition under the PCRA. On December 9, 2014, the court entered an order appointing conflicts counsel to represent Vukich in his PCRA Petition and granting counsel sixty (60) days to amend Vukich's PCRA Petition. On January 26, 2015 counsel for Vukich filed a No-Merit Memorandum and Petition to Withdraw from the PCRA Proceedings. On January 29, the court entered an Order granting counsel's motion to withdraw and an Order for Rule to Show Cause why Vukich's PCRA Petition should not be dismissed, which notified Vukich of the court's intent to dismiss the Petition

1

and of Vukich's right to proceed either *pro se* or by private counsel.

On February 6, 2015, Vukich filed a request for Leave to amend [his] PRCA Petition…. On February 11, 2015, the court entered an Order denying Vukich's Request for Leave to Amend, an Order dismissing Vukich's PCRA Petition Without Hearing, and an Order granting Vukich leave to procced *in forma pauperis* and directing Vukich to specify which transcripts he was requesting…

On February 23, 2015, Vukich filed a notice of appeal…

Before we can consider the merits of Vukich's issues, we first must determine whether his PCRA petition was timely filed, thereby conferring jurisdiction upon the PCRA court to rule upon the petition in the first instance….

Instantly, Vukich was sentence for violating his probation … on January 13, 2013. Vukich did not file a direct appeal, Thus, his judgment of sentence became final on February 13, 2013. **See** 42 Pa.C.S. §9545(b)(3)("a judgment becomes final at the conclusion of direct review, including discretionary review … or at the expiration of time for seeking the review."). To be timely, Vukich had to file his PCRA petition within one year of that date, on or before February 13, 2014… Vukich filed the instant petition on November 7, 2014, approximately one year and nine months after his judgment of sentence became final. Consequently, Vukich's PCRA petition facially is untimely.

Nonetheless … an untimely PCRA petition will be deemed to be timely filed if the petitioner has pleaded and proven in his PCRA petition one of the three enumerated exceptions to the PCRA's time bar…

Vukich has not established the PCRA court's jurisdiction to grant relief on his untimely petition. Vukich filed his PCRA petition approximately one year and nine months after his judgment of sentence became final. Vukich has not proved the applicability of any of the enumerated exceptions to the PCRA's bar. Thus, the PCRA court lacked jurisdiction over his petition…[1]

Vukich now turns to this Court and in support of his petition for relief contends:

1. Imposition of illegal sentence after revocation of probation.
2. Double jeopardy, petition has already fully served the maximum term entered…
3. Sentence over the statutory maximum …[2]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

---

[1] See: Superior Court November 4, 2015 Memorandum at pp.1-7.
[2] See: Petition at ¶ 12.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here.

> Additionally, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:
>
> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, Vukich's probation violation sentence became final on February 13, 2013 when the time in which to appeal expired. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until November 11, 2014, about a year and nine months after he could have done so. That petition was denied as untimely and the denial of post-conviction relief was affirmed by the Superior Court. Thus, it was not "properly filed".

3

The instant petition was executed on November 9, 2015 or well over after a year after his sentence became final on February 13, 2013, and there are no legal claims upon which to invoke equitable tolling of the one year statute of limitations. For this reason his petition here is likewise subject to dismissal as being untimely. Accordingly, it is recommended that the petition of William E. Vukich for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: November 19, 2015